THE BURLINGTON & MISSOURI RIVER RAILROAD COMPANY, APPELLANT, v. SAUNDERS COUNTY ET AL., APPELLEES.

Construction of Statute. The "act concerning counties and county officers," approved March 7, 1879, did not take effect till September 1st of that year. The provisions of section 26 of that act have no application to valid county bonds issued before September 1st, 1879.

FURTHER consideration of case reported 16 Neb., 123.

*Marquett & Deweese,* for appellant.

*T. B. Wilson* and *J. R. Gilkerson,* for appellees.

MAXWELL, J.

An opinion was filed in this case in the year 1884, and but a single question was reserved for further consideration,

viz.: the right to levy ten mills on the dollar valuation to pay the interest on certain bonds issued to O. & R. V. Ry. Co. The referee found the assessed value of the taxable property of Saunders county for the year 1879 to be $1,938,734.59, and that the county had issued its bonds in the year 1870 to the plaintiff in the sum of $40,000, and in the year 1877 to the O. & R. V. Ry. Co. in the sum of $140,000, all drawing interest at ten per cent. He also finds that said bonds were issued under the act of 1869 "and in pursuance of a vote of the electors of said county voting upon a proposition providing among other things for the levy of an annual tax to pay the interest on said bonds as the same becomes due;" that said bonds were duly registered as required by law and "that on the 9th day of June, 1879, the auditor of public accounts of the state of Nebraska certified to the county clerk of said Saunders county the amount of interest due and to become due for such year on said bonds, as required by sec. 4, page 174, Laws of 1875."

"That the clerk of said county, upon receiving such certified statements from the auditor, ascertained from the assessment roll of said county the amount of taxable property in such county, and what percentage was required to be levied thereon to pay said interest, and to create a sinking fund in compliance with the certificate of said auditor, and did levy said percentage upon the taxable property of such county, and did place the same upon the tax roll of said county.

"That the amount of the levy so made was ten mills on the dollar and is the ten mills mentioned and denominated as sinking fund," etc.

The record shows that the amount certified by the auditor in the year 1879 as due for interest on the bonds in question was the sum of $12,000. The plaintiff claims that the "levy is illegal, not authorized by law, and is contrary to the constitution of the state of Nebraska," and

section 26 of the act of 1879, entitled "Counties and County Officers" is cited to sustain these views. The section is as follows: " Whenever the county board shall deem it necessary to assess taxes, the aggregate of which shall exceed the rate of one dollar and fifty cents per one hundred dollars valuation of the property of the county, except when such excess is to be used for the payment of indebtedness existing at the adoption of the constitution, the county board may, by an order entered of record, set forth substantially the amount of such excess required, and the purpose for which the same will be required, and if for the payment of interest or principal, or both, upon bonds, shall in a general way designate the bonds and spec-ify the number of years such excess will require to be levied, and provide for the submission of the question of assessing the additional rate required to a vote of the people cf the county at the next election for county officers after the adoption of the resolution. If the proposition for such additional tax be carried, the same shall be paid in money, and in no other manner." Comp. Stat., Chap. 18. The above section took effect on the 1st day of September, 1879, and is in no manner applicable to the taxes in question, nor indeed does the legislature possess the power to impair the validity of a contract by restricting the levy of taxes below what is required to pay lawful interest upon valid bonds already issued. There is no claim in the plaintiff's brief that the amount thus levied will pro-duce a greater sum than is required to pay said interest, the sole claim being that the levy is unauthorized. This we find is not sustained. It is apparent that substantial justice has been done, and the judgment is affirmed.

JUDGMENT AFFIRMED.

COBB, CH. J., concurs.

REESE, J., having been of counsel, did not sit.